**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GARY ZAGAMI, BRIAN KELLY, AND RICK PATMORE, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No.: 3-06-CV-1654-D |
| v. | § § | CLASS ACTION |
| NATURAL HEALTH TRENDS CORP., MARK D. WOODBURN, TERRY L. LaCORE and RANDALL A. MASON, | § § § § | |
| Defendants. | § § | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This stipulation and agreement of settlement dated March 19, 2009 (the "Settlement Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the District Court, this Settlement Stipulation is entered into by Lead Plaintiffs Gary Zagami, Brian Kelly and Rick Patmore, on behalf of themselves and the Class (defined herein), and by Natural Health Trends Corporation ("NHTC" or the "Company"), Mark D. Woodburn, Terry L. LaCore, Randall A. Mason (collectively, "Defendants"), all parties to this litigation (the "Parties"), by and through their respective counsel.

This Settlement Stipulation is intended by the Parties to fully and finally compromise, resolve, discharge and settle the Released Claims, as defined herein, subject to the terms and conditions set forth below and final approval of the District Court.

WHEREAS:

A.    Beginning on September 11, 2006, a Class Action Complaint alleging violations of federal securities laws, *Zagami, et al v. Natural Health Trends Corp., et al.*, C.A. No. 06-01654 in the United States District Court for the Northern District of Texas, Dallas Division (the

1

"Litigation"), was filed. Plaintiffs filed an Amended Class Action Complaint on February 20, 2007, alleging: (Count 1) violations of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against Defendants NHTC, Woodburn, and LaCore; and (Count 2) violations of section 20(a) of the Securities Exchange Act of 1934 against Defendants Mason, Woodburn, and LaCore. After the District Court denied defendants' motions to dismiss on March 26, 2008, Lead Plaintiffs filed a Second Amended Class Action Complaint for Violation of Securities Laws on April 25, 2008 (the "Complaint"), which added additional allegations in support of these claims.

      B.      By Order dated December 20, 2006, the Court appointed: (i) Zagami, Kelly, and Patmore as Lead Plaintiffs; (ii) The Rosen Law Firm P.A. as Lead Counsel; and (iii) Hoeffner & Bilek, L.L.P. as Liaison Counsel. By Order dated November 13, 2007, the Court granted Lead Plaintiffs' unopposed motion to substitute Fineberg/Gresham as Liaison Counsel.

      C.      Lead Counsel, on behalf of Lead Plaintiffs, has investigated the allegations of wrongdoing asserted and the alleged damages suffered by the Class. Lead Counsel has analyzed the facts and the applicable law with respect to the claims against the Defendants and the potential defenses thereto, which in Lead Plaintiffs' judgment has provided an adequate and satisfactory basis for the Settlement described herein.

**Settlement Negotiations**

      D.      The Parties and the Defendants' directors and officers liability insurer, Lloyd's of London, engaged in an extensive mediation process using a nationally recognized mediator, Antonio Piazza, and they have conducted discussions and arm's length negotiations with each other with respect to a compromise and settlement of the Litigation.

*Execution Copy*

## Defendants' Denials of Wrongdoing and Liability

E.    Defendants have denied, and continue to deny, each and every claim and contention alleged by Lead Plaintiffs in the Litigation. Defendants have expressly denied, and continue to deny, all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants believe that Lead Plaintiffs' allegations of fraud have no merit and that a class could not be certified under Rule 23. Defendants also have denied, and continue to deny, inter alia, the allegations that Lead Plaintiffs or the Class have suffered damage, that the price of NHTC common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiffs or the Class were harmed by the conduct alleged in the Litigation.

F.    Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. Defendants therefore have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## Benefits of the Settlement to the Class

G.    Lead Plaintiffs and Lead Counsel believe that the Settlement provides an excellent monetary recovery for the Class (as defined below) based on the claims asserted, the evidence developed and the damages that might be proven by the Class in the Litigation.

H.    Lead Counsel, on behalf of Lead Plaintiffs, further recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation through

*AUS 536,033,749v4 2-6-09*

*Execution Copy*

trial and appeal, and Lead Counsel has considered that there are several potential coverage

defenses and exclusions that may be applicable to this Litigation, which could materially affect

the potential collectability of any judgment entered in this Litigation. Lead Counsel also has

considered the uncertain outcome and the risk of any litigation, including the risk that plaintiffs

might recover nothing, especially in a complex action such as this one, as well as the difficulties

and delays inherent in any such litigation. Lead Counsel is also mindful of the inherent problems

of proof and possible defenses to the Litigation, including being certified as a class action, and to

the federal securities law violations asserted against Defendants and therefore believe that it is

desirable that the Released Claims (as defined below) be fully and finally compromised, settled

and resolved as set forth herein. Based upon their evaluation, Lead Counsel, on behalf of Lead

Plaintiffs, has determined that the Settlement set forth in this Settlement Stipulation is fair,

reasonable and adequate and in the best interests of Lead Plaintiffs and the Class.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiffs

or Lead Counsel of any lack of merit of the Litigation, and without any admission or concession

of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is

hereby STIPULATED AND AGREED, by and among the Parties to this Settlement Stipulation,

through their respective attorneys, subject to approval of the District Court pursuant to Rule

23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of

1995 ("PSLRA") and other conditions set forth herein, in consideration of the benefits flowing to

the Parties hereto from the Settlement, that the Litigation and all Released Claims (as defined

below) as against the Released Parties (as defined below) shall be finally and fully compromised,

settled, released and dismissed, on the merits and with prejudice, in the manner and upon and

subject to the terms and conditions set forth herein.

4

**Certain Definitions**

1.    The following capitalized terms used in this Settlement Stipulation shall have the meanings specified below:

(a)    "Authorized Claimant" means any Class Member (as defined below) whose claim for recovery has been allowed pursuant to the terms of this Settlement Stipulation.

(b)    "Claim" means the submission to be made by Class Members, on the Proof of Claim form attached hereto as Exhibit A-2, or as may be required by the District Court.

(c)    "Claims Administrator" means Strategic Claims Services, the firm which Lead Counsel requests be appointed by the District Court to administer the Settlement and disseminate notice to the Class.

(d)    "Class" means the class that is certified by the District Court for purposes of settlement of the Litigation.  Included in such Class are all persons who purchased the publicly traded common stock of NHTC during the period from April 16, 2002 through November 15, 2005, inclusive.  Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of NHTC, and the affiliates, legal representatives, heirs, predecessors, successors and assigns of any such excluded party.

(e)    "Class Members" means Persons (defined below) who are members of the Class who do not timely and properly exclude themselves therefrom.

(f)    "Defendants" are Natural Health Trends Corporation, Randall A. Mason, Mark D. Woodburn, and Terry L. LaCore.

5

(g)    "Defendants' Counsel" means the law firms of: (i) Greenberg Traurig LLP, 600 Congress Avenue, Ste. 300, Austin, TX 78701, Tel: (512) 320-7200, counsel for the Company and Mason; (ii) Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219, Tel: (214) 651-5000, counsel for Woodburn; and (iii) Curran Tomko Tarski LLP, 2001 Bryan Street, Suite 2050, Dallas, Texas 75201, Tel: (214) 270-1400, counsel for LaCore.

(h)    "District Court" means the United States District Court for the Northern District of Texas.

(i)    "Effective Date" means the first day following the date on which the Settlement contemplated by this Settlement Stipulation shall become effective as set forth in ¶ 29 below.

(j)    "Escrow Account" means the interest-bearing account established pursuant to ¶¶ 6-7 herein.

(k)    "Escrow Agent" shall mean Laurence Rosen, Esquire. The Escrow Agent shall perform the duties set forth in this Settlement Stipulation.

(l)    "Final Approval" means the date of the entry of the Order and Final Judgment (defined below) by the District Court in the Litigation approving (i) the Settlement and (ii) the release of the Released Claims as to the Released Parties as fair, adequate and reasonable; and dismissing the claims of the Lead Plaintiffs and the Class against the Defendants, with prejudice and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the District Court enters an

order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

(m)    "Lead Counsel" means The Rosen Law Firm, P.A., selected by Lead Plaintiffs Zagami, Kelly and Patmore and appointed by the District Court to represent the interests of Lead Plaintiffs and the Class.

(n)    "Lead Plaintiffs" means Gary Zagami, Brian Kelly and Rick Patmore, appointed by court order as Lead Plaintiffs for the Litigation.

(o)    "Lloyd's" means Defendants' directors and officers liability insurer, Lloyd's of London.

(p)    "Net Settlement Fund" shall have the meaning set forth in ¶ 5 herein.

(q)    "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in the Litigation pursuant to ¶ 27 of this Settlement Stipulation and substantially in the form of Exhibit B hereto.

(r)    "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity, any legal representative, and their spouses, heirs, predecessors, successors, representatives, agents, or assignees.

*AUS 536,033,749v4 2-6-09*

*Execution Copy*

(s)    "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Notice of Pendency and Proposed Settlement of Class Action) to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, costs and expenses as may be awarded by the District Court.

(t)    "Policy Release and Indemnification Agreement" means the agreement signed by the Defendants and Lloyd's, which is intended to provide a full and final Policy release to Lloyd's and to Defendants of any known or potential claims related to Policy No. B0595FD0516602005, except for reasonable fees and expenses for defense counsel to finalize the Settlement.

(u)    "Preliminary Order" means the Proposed Order Preliminarily Approving Settlement and Providing for Notice that Lead Counsel and Defendants will seek from the District Court, substantially in the form attached as Exhibit A and as described in ¶ 26 below.

(v)    "Publication Notice" means the summary notice of pendency and proposed settlement for publication substantially in the form attached as Exhibit A-3.

(w)    "Released Claims" means any and all claims, debts, demands, rights, liabilities and causes of action, known or Unknown (as defined in ¶ 1(ee)) , asserted in the Litigation by Lead Plaintiffs or any Class Member against any of the Released Parties or that might have been asserted by Lead Plaintiffs or any Class Member against any of the Released Parties in any forum, arising out of, based upon or related to their purchase of NHTC stock during the Class Period or the allegations, transactions, facts, matters, events, acts, representations or omissions asserted, set forth, or referred to in the Complaint.

8

(x)    "Released Parties" means Defendants and members of their immediate families, and any of their current, former, or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, employees, attorneys, accountants, advisors, insurers (including but not limited to Lloyd's), reinsurers, agents (acting in their capacity as agents), associates, and any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants or their current, former, and future legal representatives, heirs, successors in interest or assigns.

(y)    "Settlement" means the settlement as set forth in this Settlement Stipulation.

(z)    "Settlement Amount" means $2.75 million, with $2.5 million to be paid by Lloyd's and $250,000 to be paid by NHTC.

(aa)    "Settlement Fund" means the payment made pursuant to ¶ 4 herein.

(bb)    "Settlement Hearing" means the final hearing to be held by the Court to determine: (1) whether the proposed Settlement should be approved as fair, reasonable and adequate; (2) whether all Released Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered thereon; and (4) whether the allocation of the Settlement Fund should be approved.

(cc)    "Settlement Notice" means the Notice of Pendency and Settlement of Class Action which is to be sent to Class Members substantially in the form attached hereto as Exhibit A-1.

*AUS 536,033,749v4 2-6-09*

(dd)  "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(ee)  "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(ff)  "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties.  With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

AUS 536,033,749v4 2-6-09

*Execution Copy*

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Settlement Stipulation shall be in full and final disposition of the Litigation as against Defendants and any and all Released Claims as against all Released Parties.  It is an important element to the Defendants' and Lloyd's participation in the Settlement that the Released Parties obtain the fullest possible release from further liability to any Class Member relating to the Released Claims, and that Lloyd's obtain a full and final Policy release from any and all Defendants related to any known or potential claim(s) for coverage, in the past or in the future, related to the Policy at issue (Policy No. B0595FD0516602005).  It is the intention of the parties to this Settlement Stipulation that all further risk and liability of Defendants and the Released Parties relating to the Released Claims be eliminated, except for reasonable fees and expenses for defense counsel to finalize the Settlement, as set forth in the Policy Release and Indemnification Agreement.  Defendants and Plaintiffs intend to provide a full and final Policy release to Lloyd's from Policy No. B0595FD0516602005.

3.      (a)      Upon the Effective Date of this Settlement, Class Members (including but not limited to any Class Member who is a party to any other action, arbitration or other proceeding who is asserting claims related to the Released Claims against any of the Defendants or any of the Released Parties that are pending on the day of Final Approval) on behalf of themselves, their heirs, joint tenants, tenants in common, beneficiaries, executors and administrators, successors, attorneys, insurers and assigns, and any person they represent, shall release and shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.  Further, Lead Plaintiffs and all Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, insurers and assigns,

11

expressly covenant not to assert any claim or action against any of the Defendants, Lloyd's, or any of their agents, insurers, or their re-insurers, derivatively on behalf of NHTC that (i) arises out of or relates to any of the allegations, transactions, facts, matters, events, acts, representations or omissions asserted, set forth, or referred to in the Complaint or otherwise alleged, asserted or contended in the Litigation or (ii) that could have been alleged, asserted or contended in any forum by the Class or any of the Class Members against any of the Released Parties which arises out of, relates to, or is based upon the allegations, transactions, facts, matters, events, acts, representations or omissions asserted, set forth, or referred to in the Complaint, and shall forever be enjoined from commencing, instituting or prosecuting any such claim.

(b)    Lead Plaintiffs and all Class Members, whether or not any such person submits a Proof of Claim, or otherwise shares in the Settlement Fund, on behalf of themselves and each of their predecessors, successors, assigns, personal representatives, heirs and any other person who purports to claim through them, will be deemed by this Settlement to release and forever discharge the Released Parties from any and all of the Released Claims. As of the Effective Date, Lead Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

(c)    Upon the Effective Date of the Settlement, all claims for contribution, indemnification, or any other form of relief by other alleged joint tortfeasors against any of the Released Parties based upon, arising out of, relating to, or in connection with the Released Claims of the Class or any Class Member are thereby barred, extinguished, discharged, satisfied

12

and otherwise rendered unenforceable to the full extent permitted by law, and the future filing of any such claims enjoined. Notwithstanding the foregoing, this Settlement does not alter the October 31, 2006 Agreements ("October 31, 2006 Agreements") among the Company, Woodburn, and LaCore, and the parties to the October 31, 2006 Agreements reserve their rights under the October 31, 2006 Agreements, except that Woodburn and LaCore have agreed not to seek additional reimbursement from NHTC or Lloyd's of any fees or expenses incurred for the SEC Matter or this Litigation, other than the amount that they and Lloyd's have separately agreed will be paid for reasonable and necessary expenses related to finalizing this Settlement that have been or will be incurred on or after August 29, 2008.

(d) Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, will be deemed by this Settlement to release and forever discharge Lead Plaintiffs and Plaintiffs' counsel in the Litigation from any and all claims, known or unknown, arising out of or relating to their filing, prosecution or settlement of the Litigation, except for claims to enforce the Settlement. As of the Effective Date, Defendants are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any such known or unknown Claims against Lead Plaintiffs, Class Members or Lead Counsel.

## THE SETTLEMENT CONSIDERATION

4.      In full and complete settlement of the Released Claims, Defendants have agreed to pay the Settlement Amount. Defendants shall cause Lloyd's to pay $2.5 million and NHTC to pay $50,000 of the Settlement Amount, on or before thirty (30) calendar days following the date of the entry of the Preliminary Order, into the Escrow Account established for the Settlement Fund by Lead Counsel for the benefit of the Class Members. Pursuant to ¶ 6 herein, Defendants shall cause Lloyd's to advance a portion of the Settlement Amount for the establishment of a Notice and Administration Fund. NHTC shall pay the remaining $200,000 of the Settlement Amount into the Escrow Account at least ten (10) business days before the final Settlement Hearing, but no earlier than March 2, 2009.

5.      The Settlement Fund, net of any Taxes and Tax Expenses, shall be used to pay 1) the notice and administration costs referred to in ¶ 6 hereof, 2) the attorneys' fee and expense award referred to in ¶¶ 12-15 hereof, and 3) the remaining administration expenses referred to in ¶¶ 9, 17 hereof. The balance of the Settlement Fund after the above payments shall be the "Net Settlement Fund," which shall be distributed to the Authorized Claimants as provided in ¶¶ 16-25 hereof. All costs and expenses incurred by or on behalf of the Lead Plaintiffs and the Class associated with the Settlement and approved by the Court shall be paid from the Settlement Fund and in no event shall any of the Released Parties bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount.

6.      Subject to the provision in the second sentence of ¶ 4 herein, within fifteen (15) business days after counsel for Lloyd's receives a copy of the Preliminary Order as entered by the District Court, Defendants shall cause Lloyd's to deposit $75,000 of the Settlement Amount into an Escrow Account to be used for reasonable out-of-pocket costs in connection with

14

providing notice of the Settlement to the Class ("Notice") and for other reasonable out-of-pocket administrative expenses (the "Notice and Administration Fund").

7.      Upon written agreement of the parties, or order of the District Court, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Fund. The Escrow Agent shall not disburse funds from the Notice and Administration Fund except as provided in this Settlement Stipulation, or by an order of the District Court, or with the written agreement of counsel for all parties. All funds held by the Escrow Agent shall be deemed to be in the custody of the District Court and such funds shall remain subject to the jurisdiction of the District Court until such time as the funds shall be distributed or returned to Defendants or Lloyd's pursuant to this Stipulation and/or further order of the District Court. The Escrow Agent shall hold the funds in an interest-bearing bank account insured by the FDIC and/or United States Agency or Treasury securities or obligations. Neither Defendants nor Lloyd's shall be liable for the loss of any portion of the Settlement Fund.

8.      Upon the payment of the Settlement Fund or any portion thereof, the parties agree to treat the Settlement Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and the Claims Administrator shall be responsible for timely making such elections as are necessary or advisable to carry out the provisions of this paragraph, including but not limited to the relation-back election (as defined in Treasury Reg. § 1.468B-1) to the earliest permitted date. Such elections shall comply with the procedures and requirements contained in such Regulations. Additionally, it shall be the responsibility of the Claims Administrator to prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur. The Claims Administrator and Lead Counsel, as required, shall do all things that are necessary or advisable to carry out the provisions

15

of this paragraph and Defendants shall reasonably cooperate with the Claims Administrator and Lead Counsel to carry out the provisions of this paragraph.

9.    All Taxes (including any interest or penalties) arising with respect to the income earned by the Settlement Fund after the Settlement Amount is paid into a segregated account, including any Taxes or Tax detriments that may be imposed upon Defendants with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" (limited by the amount of simple interest earned on the Settlement Fund at the LIBOR  and not any higher interest rate that Defendants may earn on the Settlement Fund) for Federal or state income tax purposes and all Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund. The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Lead Counsel, or their agents, shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. § 1.468B-2(k), and to the extent applicable, Treas. Reg. § 1.468B-2(l). Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph. Lead Counsel, or their agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the District Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses. The parties hereto agree to cooperate with the Claims Administrator, each other,

16

and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Stipulation. The Released Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents, as described herein.

10.    This is not a claims-made settlement. As of the Effective Date, Defendants shall have no right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Settlement Fund. Any undistributed money from the Settlement Fund that cannot be distributed cost effectively to a Class Member shall be donated to one or more non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lloyd's.

11.    The finality of the Settlement shall not be conditioned on any ruling by the District Court concerning the Plan of Allocation or the award of attorneys' fees and expenses. Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims. There shall be no distribution of any of the Settlement Fund to any Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## ATTORNEYS' FEES AND EXPENSES

12.    Lead Counsel will apply to the District Court for an award from the Settlement Fund of attorneys' fees plus reimbursement of actual expenses, plus interest. Such amounts as

are awarded by the District Court shall be payable from the Settlement Fund to Lead Counsel

pursuant to ¶¶ 15,17. Lead Counsel shall allocate the attorneys' fees and expense awards

amongst Plaintiffs' counsel in a manner in which Lead Counsel in good faith believes reflects the

contributions of each such counsel to the prosecution and settlement of the action.

13.    The Released Parties shall have no responsibility or liability for, and take no

position with respect to, the allocation of any award of fees or expenses that the District Court

may make in this action to Lead Counsel.

14.    The procedure for and amounts of any award of attorneys' fees and expenses, and

the allowance or disallowance by the District Court thereof, shall not be a condition of the

Settlement. Lead Counsel shall request that their application for an award of attorneys' fees and

expenses be considered by the District Court separately from the District Court's consideration

of the fairness and adequacy of the Settlement. Any order or proceedings relating to such

request, or any appeal from any order relating thereto or reversal or modification thereof, shall

not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness

or finality of the Order and Final Judgment and the release of the Released Claims. The finality

of the Settlement shall not be conditioned on any ruling by the District Court concerning Lead

Counsel's application for attorneys' fees and expenses.

15.    Except as otherwise provided in this paragraph, the attorneys' fees and expenses

awarded by the District Court shall be paid to Lead Counsel from the Settlement Fund within

two (2) business days of the date the District Court enters an order awarding such fees and

expenses. In the event that the Effective Date does not occur, or the Order and Final Judgment is

reversed or modified in any way that affects the award of attorney fees and expenses, or the

Settlement Stipulation is terminated for any other reason, then each counsel receiving fees or

18

expenses under this provision shall, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund or to Lloyd's or NHTC, as appropriate, either the full amount of the fees and expenses previously received by it pursuant to these provisions or an amount consistent with any modification of the Order and Final Judgment with respect to the fee and expense award. Lead Counsel and any other Plaintiffs' counsel's law firm that receives fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the District Court for the purpose of enforcing the provisions of this paragraph, and each shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the District Court. Furthermore, without limitation, Lead Counsel and any other Plaintiffs' Counsel's law firm that receives fees and expenses, and each such firm's partners and/or shareholders, agree that the District Court may, upon application of the Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against that firm or any of its partners and/or shareholders should such law firm fail timely to repay fees and expenses pursuant to this paragraph.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS
## AND ADMINISTRATION OF SETTLEMENT

16.    Lead Counsel or the Claims Administrator, subject to the supervision, direction and approval of the District Court, shall administer and calculate the Claims submitted by Class Members, oversee distribution of the Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith. The Released Parties shall have no liability, obligation or responsibility for the Class notice, administration or processing of claims or disbursement of the Net Settlement Fund, including without limitation, determinations as to

19

the validity of any Proof of Claim, the amounts of claims, distributions of the Settlement Fund,

or any loss incurred by the Escrow Agent or the Claims Administrator and Defendants shall take

no position in regard to such matters. Defendants shall cooperate in the administration of the

Settlement only to the extent reasonably necessary to effectuate its terms as requested by Lead

Counsel.

17.     The Settlement Amount and Fund shall be applied as follows:

(a)     To pay all costs and expenses incurred in connection with providing notice

to the Class, locating Class Members, soliciting claims, assisting with the filing of claims,

administering and distributing the Settlement Fund to the Class Members, processing proofs of

claim, processing requests for exclusion and costs;

(b)     To pay Taxes and Tax Expenses owed by the Settlement Fund;

(c)     Subject to the approval and further order(s) of the District Court, for

payment of all attorneys' fees and expense reimbursement as may be awarded by the District

Court to Lead Counsel, who may make payment therefrom to other Plaintiff's counsel as the

former deems appropriate based upon the work done by such other Plaintiff's counsel and such

other Plaintiff' counsel's relative contribution to the prosecution and settlement of the Actions;

(d)     Subject to the approval and further order(s) of the District Court, and upon

the Effective Date, to distribute the Net Settlement Fund (as defined in ¶ 5) to Authorized

Claimants as provided herein and in the manner set forth in the notice attached hereto as

Exhibit A-1 (which notice shall include a Plan of Allocation of the Net Settlement Fund), or as

otherwise ordered by the District Court in order to participate in such distribution of the Net

Settlement Fund.

*AUS 536,033,749v4 2-6-09*

*Execution Copy*

18.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Class Member seeking to participate in distributions from the Net Settlement Fund shall be required to timely submit to the Claims Administrator a separate signed Proof of Claim (in the form attached hereto as Exhibit A-2), supported by such documents as are designated therein, including proof of all purchases and sales of the NHTC securities listed during the Class Period, the Claimant's loss, or such other documents or proof as Lead Counsel, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Settlement Notice unless such period is extended by Order of the District Court. Any Class Member who fails to submit a Proof of Claim within such period shall be forever barred from receiving any payment pursuant to this Settlement Stipulation (unless, by Order of the District Court, a later submitted Proof of Claim by such Class Member is approved), but in all other respects shall be subject to and bound by the provisions of this Settlement Stipulation and the Settlement including the terms of the Order and Final Judgment to be entered in the Litigation and the releases of the Released Claims provided for herein, and will be barred from bringing any action or proceeding against any of the Released Parties concerning the Released Claims. Provided that it is received before the motion is made to distribute the Settlement proceeds to the Class, a Proof of Claim shall be deemed to have been submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail, postage prepaid, and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with

21

this Settlement Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the District Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to afford the claimant opportunity to remedy any curable deficiencies in the Proof of Claims submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the District Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest the rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the District Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall present the request for review to the District Court. If a claimant fails to serve upon the Claims Administrator the notice required in this paragraph, his, her or its Proof of Claim, to the extent rejected, will not be allowed; and

(f)     The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented for approval to the District Court, on notice to Defendants' Counsel.

19.     Each claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to his, her or its claim, and the claim will be subject to investigation and

discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim.

20.     No Class Member or Authorized Claimant shall have any claim against Lead Counsel, Lead Plaintiff, any other Plaintiff and Plaintiff's counsel in the Litigation, any of the Released Parties or their counsel, the Claims Administrator or any employees or agents of any of the foregoing, based on the distributions made substantially in accordance with this Settlement Stipulation or as otherwise approved or directed by the District Court. Payment pursuant to this Settlement Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the District Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be subject to and bound by the provisions of this Settlement Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

21.     All proceedings with respect to the administration, processing and determination of claims described by ¶ 18 of this Settlement Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the District Court.

22.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all timely Proofs of Claim have been processed and all claimants whose claims have been rejected or disallowed, in whole or in

23

part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the District Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs and disbursements have been resolved by the District Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

23.    In the interests of achieving substantial justice, Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what they deem to be formal or technical defects in any submitted Proofs of Claim.

24.    Following distribution of the Net Settlement Fund, the Claims Administrator shall maintain the completed Proofs of Claim on file for three years after the Effective Date.

25.    Each Member of the Class certified for purposes of settlement only shall be bound by all determinations and judgments in the Litigation concerning the Settlement unless such person shall mail, by first class mail, a written request for exclusion from the Class. In order to be valid, a Request for Exclusion must state: (1) the name and address of the person requesting exclusion; (2) the person's purchases and sales of NHTC securities made during the Class Period, including the dates, the number of shares, and prices paid or received per share for each such purchase or sale; and (3) that the person wishes to be excluded from the Class. Such Person should also state his telephone number. All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under this Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation of Settlement or the Judgment.

24

## TERMS OF PRELIMINARY ORDER IN
## CONNECTION WITH SETTLEMENT PROCEEDINGS

26.     Promptly after execution of this Settlement Stipulation, Lead Counsel and

Defendants' Counsel shall submit the Settlement Stipulation together with its Exhibits to the

District Court and shall jointly apply for entry of a Preliminary Order in connection with

settlement proceedings substantially in the form annexed hereto as Exhibit A, providing for,

among other things, preliminary approval of the Settlement and notice to the Class of the

Settlement Hearing.  The Preliminary Order (Exhibit A) to be submitted to the Court shall

contain exhibits substantially in the form set forth in (i) the Notice of Pendency and Settlement

of Class Action (the "Settlement Notice") (Exhibit A-1 to Preliminary Order); (ii) the Proof of

Claim and Release (Exhibit A-2 to Preliminary Order); and (iii) the Summary Notice of

Proposed Class Action Settlement and Hearing Thereon ("Publication Notice") (Exhibit A-3 to

the Preliminary Order).  Defendants and Lloyd's are not liable or responsible for the method of,

or representations made in, the Settlement Notice or Publication Notice.

## TERMS OF ORDER AND FINAL JUDGMENT

27.     If the Settlement contemplated by this Settlement Stipulation is approved by the

District Court, Lead Counsel and Defendants' counsel shall jointly request that the District Court

enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.  The

Settlement is expressly conditioned upon, among other things, the entry of an Order and Final

Judgment substantially in the form annexed hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

28.     Simultaneously herewith, Lead Counsel and Defendants are executing a

"Supplemental Agreement" setting forth certain conditions under which this Settlement

Stipulation may be withdrawn or terminated at the discretion of Defendants if potential Class

*Execution Copy*

Members who purchased in excess of a certain number of damaged shares of NHTC securities exclude themselves from the Class. The Supplemental Agreement shall not be filed with the District Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the District Court, *in camera*, if so requested by the District Court, or if a dispute arises among the Parties concerning the Supplemental Agreement's interpretation or application. The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement. In the event the Settlement and this Settlement Stipulation are terminated, the provisions of ¶¶ 6-9, 31, 32, 33, 36, 37 and 48 shall survive termination.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

29.     The Effective Date of Settlement shall be the latest date when all the following shall have occurred:

(a)     entry of the Preliminary Order;

(b)     approval by the District Court of the Settlement and certification of the Class following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure;

(c)     entry by the District Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in the event that the District Court enters an order and final judgment in form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to

26

terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; and

      (d)    Defendants and Lloyd's shall have paid the Settlement Amount, as set forth in ¶ 4 above.

    30.    Defendants' Counsel or Lead Counsel shall have the right to terminate the Settlement and this Settlement Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within thirty (30) days of the date on which: 1) the District Court declines to enter the Preliminary Order; 2) the District Court refuses to approve this Settlement Stipulation or any material part of it, provided, however, that the allowance or disallowance by the Court of any application for an award of attorneys' fees and expenses shall not be material; 3) the District Court declines to enter the Order and Final Judgment; 4) the Order and Final Judgment is vacated, modified or reversed in any material respect by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court; 5) an Alternative Judgment is vacated, modified or reversed in any material respect by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court; or 6) the Effective Date of Settlement otherwise does not occur, except that if such Effective Date does not occur as a result of Lloyd's or NHTC's failing to pay the Settlement Amount as required by paragraph 4 above, Defendants may not terminate the Settlement or the Settlement Stipulation based on Lloyd's or NHTC's non-payment. If Lloyd's fails to pay their required portion of the Settlement Amount, then Defendants agree to take all reasonable and necessary steps (including litigation, if necessary) to enforce Lloyd's promise to pay its agreed $2.5 million portion of the Settlement Amount as set forth in this Settlement Stipulation and in the Policy Release and

Indemnification Agreement.  If NHTC fails to pay its required portion of the Settlement Amount, then Lead Plaintiffs may move to enforce the Settlement and Settlement Stipulation against NHTC and seek a judgment against NHTC in an amount equal to its agreed $250,000 portion of the Settlement Amount.  If Lloyd's pays the full $2.5 million Settlement Amount as required by paragraph 4 above, but NHTC fails to pay its required portion of the Settlement Amount, then the Parties agree that there shall be no additional liability for Lloyd's (in contract or in tort) for any additional damages, fees, expenses or costs and that Lloyd's shall receive a full and final Policy release for any known or potential claims related to Policy No. B0595FD16602005, as set forth in the Policy Release and Indemnification Agreement.  Neither a modification nor a reversal on appeal of any award of fees, costs and expenses by the Court to Lead Counsel (or any Plaintiff's counsel) shall be deemed a material modification of the Order and Final Judgment or this Stipulation.  Defendants may also terminate the Settlement and this Settlement Stipulation pursuant to ¶ 28.  The foregoing list is not intended to limit or impair the parties' rights under the law of contracts of the State of Texas with respect to any breach of this Settlement Stipulation. In the event the Settlement and this Settlement Stipulation are terminated, the provisions of ¶¶ 6-9, 31, 32, 33, 36, 37 and 48 shall survive termination.

31.     In the event the Settlement and this Settlement Stipulation are terminated or if the Effective Date fails to occur for any reason, the parties to this Settlement Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status in the Litigation as of the date and time immediately prior to the execution of this Settlement Stipulation and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Settlement Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

*AUS 536,033,749v4 2-6-09*

32.    In the event this Settlement Stipulation is terminated or if the Effective Date fails to occur for any reason, then within ten (10) business days after written notice is sent by Lead Counsel or Defendants' Counsel, the balance of the Notice and Administration Fund, less any expenses paid or incurred but not yet paid, shall be refunded to Lloyd's, including interest accrued thereon, and the balance of the Settlement Fund, less any expenses paid or incurred but not yet paid, shall be refunded to Lloyd's and NHTC, including interest accrued thereon, proportionate with each company's contribution to the Settlement Fund. In such event, the parties to this Settlement Stipulation shall be deemed to have reverted *nunc pro tunc* to their respective status as of the date and time immediately before the execution of this Settlement Stipulation and, except as otherwise expressly provided, they shall proceed in all respects as if this Settlement Stipulation and related orders had not been entered and without prejudice in any way from the negotiation, fact or terms of this Settlement. In the event the Settlement and this Settlement Stipulation are terminated, the provisions of ¶¶ 6-9, 31, 32, 33, 36, 37 and 48 shall survive termination.

## NO ADMISSION OF WRONGDOING

33.    This Settlement Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)    shall not be offered or received against any Defendant, any other Released Party, Lead Plaintiffs or the Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or any of the other Released Parties or by any of the Lead Plaintiffs or the Class with respect to the truth of any fact alleged by Lead Plaintiffs or the validity, or lack thereof, of any claim that had been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or

*AUS 536,033,749v4 2-6-09*

could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

      (b)    shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiffs or the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

      (c)    shall not be offered or received against any of the Released Parties, Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Stipulation; provided, however, that if this Settlement Stipulation is approved by the District Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

      (d)    shall not be construed against any of the Released Parties, Lead Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

      (e)    shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Securities Complaint would not have exceeded the Settlement Fund.

*AUS 536,033,749v4 2-6-09*

34.    This Settlement Stipulation and the Settlement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted, prosecuted or attempted with respect to any of the Released Claims. The Released Parties may offer the Settlement Stipulation or Order and Final Judgment from the Litigation in any other action that may be brought against them by any Class Member or other Released Party in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any similar defense or counterclaim. The Class Members and Defendants agree that any such proceeding would cause irreparable injury to the party against whom it is brought and that the District Court or any court of competent jurisdiction may enter an injunction restraining the prosecution of such proceeding.

## NOTICE AND ADMINISTRATION FUND

35.    The Notice and Administration Fund shall be used by Lead Counsel or the Escrow Agent to pay the costs of notifying the Class, soliciting the filing of claims by Class Members, assisting them in making their claims, and otherwise administering the Settlement on behalf of the Class.

36.    As of the Effective Date, any balance, including interest, then remaining in the Notice and Administration Fund, less expenses incurred but not yet paid, shall be returned to the Settlement Fund. Thereafter, Lead Counsel shall have the right to use such portions of the Settlement Fund as are, in their exercise of reasonable judgment, necessary to carry out the purposes set forth in ¶ 17 above. Lead Counsel will establish an Escrow Account into which the Notice and Administration Fund will be deposited. At Defendants' request, such counsel shall provide Defendants with appropriate documentation of all out-of-pocket costs incurred in connection with providing Notice to the Class and for other administrative expenses.

31

37.    If the Effective Date does not occur, the balance of the Notice and Administration Fund that has not been expended, including all interest accrued thereon, shall be returned to Lloyd's.

## MISCELLANEOUS PROVISIONS

38.    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Settlement Stipulation and the terms of any exhibit hereto, the terms of this Settlement Stipulation shall prevail.

39.    This Settlement Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto and Lloyd's or their successors-in-interest.

40.    Neither the Settlement Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Settlement Stipulation, the Settlement or the Order and Final Judgment.

41.    The parties to this Settlement Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against any of the Released Parties with respect to the Released Claims, and they intend the

32

*Execution Copy*

Settlement to be a final and complete release of any and all claims, rights, or demands for coverage (past or future) that could be or were asserted by Defendants or Plaintiffs, as to coverage from Lloyd's under Policy No. B0595FD0516602005, except for reasonable fees and expenses for defense counsel to finalize the Settlement, as set out in the Policy Release and Indemnification Agreement. Accordingly, Lead Plaintiffs and Defendants agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Litigation was brought or defended in bad faith or without a reasonable basis and further agree not to make any public statements that contradict such position. The parties to this Settlement Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

42.    The waiver by one Party of any breach of this Settlement Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Stipulation.

43.    This Settlement Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among these parties, and no representations, warranties or inducements have been made to any party concerning this Settlement Stipulation, its exhibits or the Supplemental Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

44.    This Settlement Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature

*AUS 536,033,749v4 2-6-09*

transmitted via e-mail.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

45.     The parties hereto and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the District Court required by this Settlement Stipulation.

46.     Each counsel signing this Settlement Stipulation represents that such counsel has authority to sign this Settlement Stipulation on behalf of each of their respective clients.

47.     This Settlement Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.  No assignment shall relieve any Party hereto of obligations hereunder.

48.     Notices required by this Settlement Stipulation shall be submitted either by any form of overnight mail or in person to:

> Laurence M. Rosen
> Phillip Kim
> THE ROSEN LAW FIRM, P.A.
> 350 Fifth Avenue, Suite 5508
> Tel:  212.686.1060
> Fax:  212.202-3827
>
> *Lead Plaintiffs' Counsel in the Litigation*

AUS 536,033,749v4 2-6-09

Paul R. Bessette
GREENBERG TRAURIG, LLP
600 Congress Avenue, Suite 300
Austin, TX 78701
Tel: (512) 320-7200
Fax: (512) 320-7210

*Counsel for Defendants Natural Health Trends Corporation
and Randall A. Mason*

Edwin J. Tomko
CURRAN TOMKO TARSKI LLP
2001 Bryan Street, Suite 2050
Dallas, Texas 75201
Tel: (214) 270-1400
Fax: (214) 270-1401

*Counsel for Defendant Terry L. LaCore*

Daniel H. Gold
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700,
Dallas, Texas 75219
Tel: (214) 651-5000
Fax: (214) 651-5940

*Counsel for Defendant Mark D. Woodburn*

Notice shall be deemed effective upon receipt.

49.    The administration, consummation and enforcement of the Settlement as embodied in this Settlement Stipulation shall be under the authority of the District Court, and the Parties intend that the District Court retain jurisdiction for the purpose of entering orders, providing for awards of attorneys' fees and expenses to Lead Counsel, and enforcing the terms of this Settlement Stipulation and the Settlement.

50.    The construction, interpretation, operation, effect and validity of this Settlement Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Texas without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

35

*Execution Copy*

51.    This Settlement Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Settlement Stipulation.

Respectfully submitted,

Laurence M. Rosen
Phillip Kim
THE ROSEN LAW FIRM, P.A.
350 Fifth Avenue, Suite 5508
Phone: 212.686.1060
Fax:212.202.3827

Joel M. Fineberg
State Bar No. 07008520
R. Dean Gresham
State Bar No. 24027215
FINEBERG GRESHAM
3811 Turtle Creek Blvd., Ste. 1900
Dallas, Texas 75219
Tel: 214.219.8828
Fax: 214.219.8838
**Counsel for Lead Plaintiffs**

Paul R. Bessette
State Bar No. 02263050
bessettep@gtlaw.com
Michael J. Biles
State Bar No. 24008578
bilesm@gtlaw.com
Jennifer R. Brannen
State Bar No. 24006888
brannenj@gtlaw.com
Laura Moriaty
State Bar No. 24046478
moriatyl@gtlaw.com

36

*AUS 536,033,749v4 2-6-09*

GREENBERG TRAURIG, LLP
600 Congress Avenue, Suite 300
Austin, Texas 78701
Tel: (512) 320-7200
Fax: (512)320-7210
**Counsel for Defendants Natural Health
Trends Corp. and Randall A. Mason**

_____

Edwin J. Tomko
State Bar No. 20117800
Jason M. Ross
State Bar No. 24027819
CURRAN TOMKO TARSKI LLP
2001 Bryan Street, Suite 2050
Dallas, Texas 75201
Tel: (214) 270-1400
Fax:  (214) 270-1401
**Counsel for Defendant Terry L. LaCore**

_____

Daniel H. Gold
State Bar No. 24053230
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700,
Dallas, Texas 75219
Tel: (214) 651-5000
Fax:  (214) 651-5940
**Counsel for Defendant Mark D. Woodburn**

37

*Execution Copy*

GREENBERG TRAURIG, LLP
600 Congress Avenue, Suite 300
Austin, Texas 78701
Tel: (512) 320-7200
Fax: (512)320-7210
**Counsel for Defendants Natural Health
Trends Corp. and Randall A. Mason**

Edwin J. Tomko
State Bar No. 20117800
Jason M. Ross
State Bar No. 24027819
CURRAN TOMKO TARSKI LLP
2001 Bryan Street, Suite 2050
Dallas, Texas 75201
Tel: (214) 270-1400
Fax: (214) 270-1401
**Counsel for Defendant Terry L. LaCore**

Daniel H. Gold
State Bar No. 24053230
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700,
Dallas, Texas 75219
Tel: (214) 651-5000
Fax: (214) 651-5940
**Counsel for Defendant Mark D. Woodburn**

37