IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY ZAGAMI, | § | |
| on behalf of himself and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:06-CV-1654-D |
| VS. | § | |
| | § | |
| NATURAL HEALTH TRENDS CORP., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE

WHEREAS, effective March 19, 2009, Lead Counsel on behalf of Lead Plaintiffs Gary

Zagami, Brian Kelly, and Rick Patmore and the Class, and Defendants Natural Health Trends

Corporation ("NHTC"), Mark D. Woodburn, Terry L. LaCore, and Randall A. Mason ("collectively,

Defendants") have entered into a settlement of the claims asserted in the Litigation, the terms of

which are set forth in a Stipulation and Agreement of Settlement, dated as of March  19, 2009 (the

"Settlement Stipulation"), which is subject to review under Fed. R. Civ. P. 23 and which, together

with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the

claims alleged in the Complaint filed in the Litigation on the merits and with prejudice, upon the

terms and conditions set forth in the Settlement Stipulation; and the District Court having read and

considered the Settlement Stipulation, the proposed Notice of Pendency and Proposed Settlement

of Securities Class Action, the proposed Summary Notice of Proposed Class Action Settlement and

Hearing Thereon, the proposed Plan of Allocation of Net Settlement Fund Among Class Members,

the proposed form of the Proof of Claim and Release, the proposed form of Order and Final

Judgment relating to the Settlement and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and capitalized terms used herein having the meanings defined in the Settlement Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and for the purposes of the Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all persons who purchased the publicly traded common stock of NHTC during the period from April 16, 2002 through November 15, 2005, inclusive. Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of NHTC, and the affiliates, legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also excluded from the Class are any putative Class Members who exclude themselves by filing a timely, valid request for exclusion.

2.    The District Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each of the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Fed. R. Civ. P. 23, preliminarily and for the purposes of Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the District Court is hereby appointed as Lead Counsel for the Class.

4.     A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the District Court on Friday, July 17, 2009, at 11:00 a.m. for the following purposes:

(a)     to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b);

(b)     to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the District Court;

(c)     to determine whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties, as set forth in the Settlement Stipulation, should be ordered;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the District Court;

(e)     to consider the application of Lead Counsel for an award of attorney's fees and expenses; and

(f)     to rule upon such other matters as the District Court may deem appropriate.

5.     The District Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The District Court further reserves the

right to enter its Order and Final Judgment approving the Settlement Stipulation and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorney's fees and expenses.

6.      The District Court approves the form, substance and requirements of (a) the Notice of Pendency and Proposed Settlement of Securities Class Action (the "Notice"), and (b) the Proof of Claim and Release form (the "Proof of Claim"), both of which are annexed hereto as Exhibits 1 and 2 respectively.

7.      Lead Counsel has the authority to enter into the Settlement Stipulation on behalf of the Class and is authorized to act on behalf of the members of the Class with respect to all acts or consents required by or that may be given pursuant to the Settlement of Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8.      Lead Counsel shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, <u>within 21 calendar days of the entry of this Order</u>, to all Class Members who can be identified with reasonable effort by Lead Counsel.

9.      Lead Counsel are authorized to establish a Notice and Administration Fund (as defined in the Settlement Stipulation) of $75,000 to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses.  Upon written agreement of the parties, or order of the District Court, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Fund.

10.    Any and all issuers, securities firms or transfer agents holding transfer records for NHTC securities are hereby ordered to produce such transfer records in a usable electronic format to Lead Counsel or their designated agent within 14 calendar days of receipt of a copy of this Order.

11.    Lead Counsel or their designated agent shall also make reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased NHTC securities during the Class Period.  Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners.  Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proof of Claim to beneficial owners.  Lead Counsel shall, no later than the date of the Settlement Fairness Hearing, serve upon Defendants' Counsel, and file with the District Court, proof of mailing of the Notice and Proof of Claim.

12.    The District Court approves the form of the Summary Notice of Proposed Class Action Settlement and Hearing Thereon (the "Publication Notice") in substantially the form and content annexed hereto as Exhibit 3 and directs that Lead Counsel shall cause the Publication Notice to be published in *Investor's Business Daily* and published electronically on the *PR Newswire* within 14 calendar days of the mailing of the Notice.  Lead Counsel shall, no later than the Settlement Fairness Hearing, serve upon Defendants' Counsel and file with the District Court proof of publication of the Publication Notice.

- 5 -

13.    The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of due process and Fed. R. Civ. P. 23, § 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. Under no circumstances shall any Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

14.    In order to be entitled to participate in the Net Settlement Fund, as defined in the Settlement Stipulation, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following action and be subject to the following conditions:

(a)    A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than June 26, 2009. Such deadline may be further extended by Order of the District Court. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail), provided such Proof of Claim is actually received before the filing of a motion for an Order of the District Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transaction reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of Allocation of Net Settlement Fund, whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the District Court with respect to the claim submitted.

15.     Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than

twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or June 26, 2009, to the Post Office Box address listed in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender specifically requests to be excluded from the Class (as defined in the Settlement Stipulation) and must be signed by such person. Such persons requesting exclusion are also required to specify all purchases of the relevant NHTC securities during the Class Period, including the number and price of the shares purchased, the number and price of shares sold during the Class Period, and the date of each such purchase or sale. It is also requested that such persons provide their telephone number or other contact information. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the District Court.

16.     Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Settlement Stipulation and Notice.

17.     The District Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorney's fees and reimbursement of expenses only if such comments or objections and any supporting papers are served at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or no later than June 26, 2009, upon each of the following:

Laurence M. Rosen, Esquire
Phillip Kim
THE ROSEN LAW FIRM, P.A.
350 Fifth Avenue, Suite 55
New York, NY 10118
Tel:  (212) 686-1060
Fax:  (212) 202-3827

*Lead Plaintiffs' Counsel in the Litigation*


Paul R. Bessette, Esquire
GREENBERG TRAURIG, LLP
600 Congress Avenue, Suite 300
Austin, TX  78701
Tel:  (512) 320-7200
Fax:  (512) 320-7210

*Counsel for Defendants Natural Health Trends Corporation
and Randall A. Mason*

and the objector has filed said objections, papers, and briefs, showing due proof of service upon

counsel identified above, with the Clerk of the Court, U.S. District Court, Northern District of Texas,

1100 Commerce Street, Dallas, Texas 75242-1310.  Attendance at the hearing is not necessary;

however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan

of Allocation, and/or Lead Counsel's request for attorney's fees are required to indicate in their

written objection their intention to appear at the hearing.  Persons who intend to object to the

Settlement, the Plan of Allocation, and/or Lead Counsel's application for award of attorney's fees

and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their

written objections the identity of any witnesses they may call to testify and exhibits they intend to

introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear

at the hearing or take any other action to indicate their approval.

18.    Any Class Member who does not object in the manner prescribed above shall be

deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorney's fees and reimbursement of expenses.

19.    The District Court reserves the right to adjourn the Settlement Fairness Hearing or any adjournment thereof without any further notice other than an announcement at the Settlement Fairness Hearing or any adjournment thereof, and to approve the Settlement without further notice to the Class.

20.    All papers in support of the Settlement, the Plan of Allocation, and any application for attorney's fees or expenses shall be filed and served ten (10) calendar days before the Settlement Fairness Hearing.

21.    Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Claims against any of the Released Parties.

22.    In the event that the Settlement shall not be consummated pursuant to its terms, the Settlement Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order Preliminarily Approving Settlement and Providing For Notice, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her, or its respective position as it existed before the execution of the Settlement Stipulation.

23.     The District Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or connected with, the Settlement.

**SO ORDERED**.

April 6, 2009.

SIDNEY A. FITZWATER
CHIEF JUDGE