IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY ZAGAMI, | § | |
| on behalf of himself and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:06-CV-1654-D |
| VS. | § | |
| | § | |
| NATURAL HEALTH TRENDS CORP., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER AND FINAL JUDGMENT

On July 17, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Settlement Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against Defendants Natural Health Trends Corporation ( "NHTC or the "Company"), Mark D. Woodburn, Terry L. LaCore, and Randall A. Mason; (2) whether judgment should be entered dismissing the Complaint, on the merits and with prejudice, in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Allocation (described in the Notice of Pendency and Proposed Settlement of Securities Class Action) as a fair and reasonable method to allocate the settlement proceeds among members of the Class; and (4) whether and in what amount to award fees and reimbursement of expenses to Lead Counsel;

The District Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a notice of the Settlement Hearing substantially in the form approved by the District Court in the Preliminary Order was mailed to all persons and entities reasonably identifiable who purchased NHTC common stock that is the subject of the Litigation, during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that a summary notice of the hearing substantially in the form approved by the District Court in the Preliminary Order was published in accordance with the Preliminary Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED and ADJUDGED THAT:

1.      The District Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiff, all Class Members and the Defendants.

2.      All capitalized terms used herein shall have the same meanings as set forth and defined in the Settlement Stipulation.

3.      The District Court finds that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the District Court hereby certifies the following action as a class action:  all persons who purchased the publicly traded common stock of NHTC during the period from April 16, 2002 through November 15, 2005, inclusive.  The  "Class" includes the Class Members collectively as well as each Class Member acting individually.  Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of NHTC, and the affiliates, legal representatives, heirs, predecessors, successors, and assigns of any such excluded party.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a timely, valid request for exclusion.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are certified as class representatives and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the District Court is hereby appointed as Lead Counsel for the Class.

6.      The Settlement Stipulation is approved as fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiffs and the Defendants are directed to consummate the Settlement in accordance with the terms and provisions the Settlement Stipulation.

7.      The Litigation is hereby dismissed with prejudice and without costs.

8.      Lead Plaintiffs and the Class Members hereby release and forever discharge Defendants and members of their immediate families, and any of their current, former or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, employees, attorneys, accountants, advisors, insurers (including, but not limited to,

- 3 -

Lloyd's of London, Defendants' directors and officers liability insurer for Policy No. B0595FD0516602005), reinsurers, agents, and all other persons or entities defined in the Stipulation as released Parties (collectively, the "Released Parties"), from any and all claims, debts, demands, rights, liabilities, and causes of action, known or Unknown (as defined in the Stipulation), asserted in the Litigation by Lead Plaintiffs or any Class Member against any of the Released Parties, or that might have been asserted by Lead Plaintiffs or any Class Member against any of the Released Parties in any forum, arising out of, based upon, or related to their purchase of NHTC stock during the Class Period or the allegations, transactions, facts, matters, events, acts, representations, or omissions asserted, set forth, or referred to in the Complaint (the "Released Claims").

9.    Each of the Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, hereby releases and forever discharges any and all claims, debts, demands, rights, liabilities, and causes of action, known or unknown, that have been or could have been asserted in the Litigation or any forum by the Defendants or any of them or the successors and assigns of any of them against the Lead Plaintiff, Class Members, and Plaintiffs Counsel that arise out of or relate in any way to their filing, prosecution, or settlement of the Litigation, except for claims to enforce the Settlement Stipulation.

10.    Lead Plaintiffs and the Class Members are hereby permanently barred and enjoined from prosecuting the Released Claims against the Released Parties.

11.    Upon the Effective Date of the Settlement, all claims for contribution, indemnification, or any other form of relief by other alleged joint tortfeasors against the Released

- 4 -

Parties based upon, arising out of, relating to, or in connection with the Released Claims of the Class or any Class Member are hereby barred, extinguished, discharged, satisfied, and otherwise rendered unenforceable to the full extent permitted by law, and the future filing of any such claims enjoined. Notwithstanding the foregoing, this Settlement does not alter the October 31, 2006 Agreements ("October 31, 2006 Agreements") among the Company, Woodburn, and LaCore, and the parties to the October 31, 2006 Agreements reserve their rights under the October 31, 2006 Agreements, except that Woodburn and LaCore have agreed not to seek additional reimbursement from NHTC or Lloyd's of any fees or expenses incurred for the SEC Matter or this Litigation, other than the amount that they and Lloyd's have separately agreed will be paid for reasonable and necessary expenses related to finalizing this Settlement that have been or will be incurred on or after August 29, 2008.

11.     The District Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.     Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents, or proceedings connected with them shall be:

(a)     referred or used against the Released Parties or against the Class as evidence of wrongdoing by anyone;

(b)     construed against the Released Parties or the Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(c)     construed as, or received in evidence as, an admission, concession, or presumption against the Class or any of them, that any of their claims are without merit or that

damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

14.     Without further order of the District Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

15.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the District Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the District Court may make on the Lead Counsel  application for an award of attorney's fees and reimbursement of expenses.

17.     The District Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the settlement proceeds among members of the Class.

18.     The District Court hereby finds that the notice provided to the Class provided the best notice practicable under the circumstances.  Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.  A full opportunity has been

- 6 -

offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment.

19.    In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in ¶¶ 6-9, 31, 32, 33, 36, 37, and 48 in the Settlement Stipulation), and the parties shall be returned to their respective positions immediately before the execution of the Settlement Stipulation.

20.    Lead Plaintiffs Gary Zagami, Brian Kelly, and Rick Patmore, on behalf of the Class shall recover from Defendant NHTC, pursuant to the Paragraph 30 of the Settlement Stipulation, and judgment shall be entered for Lead Plaintiffs in the principal amount of $200,000, plus post judgment interest at the legal rate of 5% per annum.

21.    Execution of the judgment on the $200,000, plus interest, against Defendant NHTC, shall be stayed until September 30, 2009.

July 21, 2009.

SIDNEY A. FITZWATER
CHIEF JUDGE

- 7 -